64D01-2603-CT-003539
Porter Superior Court 1

Filed: 3/31/2026 3:18 PM
Clerk
Porter County, Indiana

USDC IN/ND case 2:26-cv-00195-TLS-AZ   document 4   filed 03/31/26   page 1 of 4

STATE OF INDIANA ) IN THE PORTER COUNTY _____ COURT
       ) SS:
COUNTY OF PORTER ) VALPARAISO, INDIANA

MICHAEL BONAVENTURA    )
 Plaintiff        )
            )
VS.          ) CAUSE NO.:
            )
OFFICER MARIELYS QUINTERO, in her )
Individual and official capacity and  )
OFFICER DUSTIN FISH, in his Individual and )
Official Capacity.      )
            )
 Defendants.      )

## COMPLAINT

Comes now, Michael Bonaventura, by Counsel Russell W. Brown, Jr. of The Region Lawyers, Inc.; and for his Complaint for Damages against Defendants, Officer Marielys Quintero, in her individual and official capacity and Officer Dustin Fish, in his individual and professional capacity, alleges as follows:

## PARTIES

1. At all times relevant hereto Michael Bonaventura was a resident of Porter County, State of Indiana.

2. At all times relevant hereto, Defendant Officer Marielys Quintero was a sworn officer with the City of Valparaiso Police Department.

3. At all times relevant hereto, Defendant Officer Dustin Fish was a sworn officer with the City of Valparaiso Police Department.

## THE FACTS

4. On or about May 27, 2025, Officer Dustin Fish received a report that Lillian Bonaventura (Michael's daughter) was harassing Danika.

1

5. During that report, Officer Fish received information from Danika that Lillian was drinking alcohol with a friend, both of which were underage.

6. Officer Fish contacted other officers of the Valparaiso Police Department and proceeded to 1808 Finney Dr. Valparaiso, Indiana.

7. Mr. Bonaventura owns the residence located at 1808 Finney Dr. Valparaiso Indiana.

8. Approximately six officers arrived on scene, parked down the street and approached the residence on foot.

9. Officer Fish and Officer Quintero approached the front of the residence.

10. Officer Fish knocked on the front door and Lillian answered.

11. She opened the main door and cracked the screen door.

12. Officer Quintero then proceeded to open the screen door all the way open and held it open.

13. During the conversation, Lillian advised that she had messages on her phone and asked if Officer Fish wanted her to go retrieve her phone.

14. Officer Fish asked if they could come in and Lillian said no.

15. Lillian proceeded to shut the door and Officer Fish and Officer Quintero pushed the door open, breaking the threshold of the door.

16. Officer Fish nor Officer Quintero had a warrant to enter the residence.

17. Officer Fish nor Officer Quintero had probable cause to enter the residence.

18. No extenuating circumstances existed that would justify Officer Fish or Officer Quintero's entry into Mr. Bonaventura's residence.

**COUNT I: SECTION 1983 ILLEGAL SEARCH**
**Against Defendants Officer Fish and Officer Quintero**

19. Each paragraph of this Complaint is incorporated as if restated herein.

20. Defendant Officer Fish and Defendant Officer Quintero entered Mr. Bonaventura's residence without a warrant and without probable cause.

21.  Defendant Officer Fish and Defendant Officer Quintero actions were under the color of state law.

22. This Complaint against Defendants Officer Fish and Officer Quintero is for damages arising out of the violation of civil rights pertaining to Plaintiff, which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

23. Mr. Bonaventura had a clearly established right to be free from unreasonable search under the Fourth Amendment to the United States Constitution.

24. Defendant Officer Fish and Officer Quintero subjected Mr. Bonaventura to an unreasonable search under the Fourth Amendment to the United States Constitution.

**<u>PRAYER FOR DAMAGES</u>**

WHEREFORE, having asserted various causes of action and alleging facts in support thereof, the Plaintiff, Michael Bonaventura, prays for judgment and damages against the Defendants as previously stated and as follows:

a.    awarding the Plaintiff general and/or compensatory damages, including without limitation damages for his pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b.    awarding the Plaintiff punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c.    awarding the Plaintiff his costs and attorney's fees;

d.    awarding the Plaintiff treble damages in an amount up to three times the amount of his compensatory damages for the egregious nature of Defendants' actions.

e.        for all other legal and/or equitable relief this Court deems just and proper in the

premises.

Dated this 31st day of March, 2026.

Respectfully submitted,

The Region Lawyers, Inc.

By:/s/ Russell W. Brown, Jr._____
　　Russell W. Brown, Jr. #29628-64
　　Attorney for Plaintiff
　　9223 Broadway, Suite E
　　Merrillville, IN  46410
　　219-750-9380

## REQUEST FOR JURY TRIAL

The Plaintiff, Michael Bonaventura respectfully requests that this cause be tried by jury.

Respectfully submitted,

The Region Lawyers, Inc.

By:/s/ Russell W. Brown, Jr._____
　　Russell W. Brown, Jr. #29628-64
　　Attorney for Plaintiff
　　9223 Broadway, Suite E
　　Merrillville, IN  46410
　　219-750-9380